DAVID L. JAROSLAV
Federation for American Immigration Reform
25 Massachusetts Ave., NW, Suite 330
Washington, DC 20001
Telephone: (202) 328-7004
Email: djaroslav@fairus.org

Counsel for Movant
Federation for American Immigration Reform

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 25-cv-1391-GPG-KAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF COLORADO,
JARED POLIS, Governor of Colorado, in his official capacity,
COLORADO GENERAL ASSEMBLY,
PHILIP WEISER, Attorney General of Colorado, in his official capacity,
CITY AND COUNTY OF DENVER,
DENVER CITY COUNCIL,
MIKE JOHNSTON, Mayor for the City and County of Denver, in his official capacity,
DENVER SHERIFF DEPARTMENT,
ELIAS DIGGINS, Sheriff of Denver, Colorado, in his official capacity,

Defendants.

---

# UNOPPOSED MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF BY FEDERATION FOR AMERICAN IMMIGRATION REFORM IN SUPPORT OF PLAINTIFF AND IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

---

The Federation for American Immigration Reform (FAIR) respectfully moves this Court for leave to file the attached *amicus curiae* brief in support of Plaintiff and in opposition to Defendants' motions to dismiss and states as follows:

## CERTIFICATE OF CONFERRAL

Pursuant to District of Colorado Local Civil Rule 7.1(a), undersigned counsel has conferred with counsel for all parties regarding this motion. The parties do not oppose this motion being granted.

## IDENTITY AND INTEREST OF *AMICUS CURIAE*

*Amicus curiae* FAIR is a non-profit 501(c)(3) public interest organization dedicated to informing the public about the effects of both unlawful and lawful immigration, and to defending in court the interests of Americans in limiting overall immigration, enhancing border security, and ending illegal immigration.

FAIR has been involved in more 100 legal cases since 1980, either as a party or as *amicus curiae*. The decision in this case will likely have an impact on the ability of the executive branch of the federal government to identify and deal efficiently, fairly, and safely with an illegal alien population estimated to exceed 18 million people in the United States. *Amicus* FAIR has direct and vital interests in defending the executive branch's ability to address the current illegal alien crisis and in State and local officials' ability to cooperate with federal immigration authorities.

## REASONS TO GRANT LEAVE TO FILE

FAIR respectfully submits that its *amicus* brief could aid this Court's consideration of the issues in this case.

As this Court has previously noted, it "has broad discretion in allowing participation of *amicus curiae*." *Medina v. Catholic Health Initiatives*, 2015 U.S. Dist. LEXIS 136871, *2 (D. Colo. Oct. 7, 2015) (citations omitted). Where the Federal Rules of Civil Procedure and the Local Rules are silent as to governing standards for *amicus* briefs, "district courts rely on Federal Rule of Appellate Procedure 29 in addressing such requests." *United States v. State Water Res.*

*Control Bd.*, 2020 U.S. Dist. LEXIS 72027, *9 (C.D. Cal. Apr. 22, 2020). *See also Am. Humanist Ass'n v. Maryland-National Capital Park & Planning Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014) (applying Fed. R. App. P. 29) (citations omitted). That is, the appellate rules' criteria for granting leave to file *amicus* briefs can and should be looked to in support of FAIR's motion for leave to file at the district-court level. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." Fed. R. App. P. 29, Advisory Committee Notes, 1998 Amendment.

The "touchstone is whether the *amicus* brief is helpful, and there is no requirement that *amici* must be totally disinterested." *Earth Island Inst. v. Nash*, 2019 U.S. Dist. LEXIS 214578, *3 (E.D. Cal. Dec. 11, 2019) (citations omitted). An *amicus* brief should normally be allowed "when the *amicus* has unique information or perspective that can help the court beyond what the lawyers for the parties are able to provide." *Stross v. Glass Homes, Inc.*, 2022 U.S. Dist. LEXIS 246314, *2-3 (C.D. Cal. 2022) (citing *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975) (E.D. Wash. 1999)). Indeed,"it is preferable to err on the side of permitting such *amicus* briefs if an *amicus* brief that turns out to be unhelpful is filed, the court can them simply disregard the brief. On the other hand, if a good brief is rejected, the court will be deprived of a resource that might have been of assistance." *Stoyas v. Toshiba Corp.*, 2021 U.S. Dist. LEXIS 106487, *4 (C.D. Cal. June 7, 2021) (citation modified).

As then-Judge Samuel Alito wrote for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file *amicus* briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293

F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed. 1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Then-Judge Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an *amicus* filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133. Here, of course, this applies *a fortiori*, as no party opposes leave to file being granted.

The accompanying *amicus* brief argues that this case should not be dismissed, because the Defendants' sanctuary policies are both conflict-obstacle and conflict-impossibility preempted and the Tenth Amendment does not reserve to Defendants the power to enact their sanctuary policies.

On the first point, the brief argues that, by prohibiting local officers from sharing immigration-related information with federal officers, Defendants' policies stand as an obstacle to that cooperation among federal, state, and local law enforcement which it has been the purpose of Congress to facilitate. The policies also make it more difficult for the federal government to achieve another, very obvious, purpose of Congress: enforcement of the immigration laws it has passed. As obstacles to both of these congressional purposes, the policies violate the Supremacy Clause of the Constitution.

On the second point, the brief argues that the Defendants' sanctuary policies also require state and local officials to withhold information about the location of removable aliens from federal officials, in violation of federal anti-harboring provisions. The policies thus violate the Supremacy Clause by making it impossible for such officials to obey both them and federal law.

On the third point, the brief argues that the Tenth Amendment is no defense. The Constitution has delegated to the federal government the power to control the admission and expulsion of aliens, and has prohibited, through the Supremacy Clause, states from adopting measures that conflict with federal law. On both grounds, a power to enact Defendants' preempted immigration policies does not meet the conditions set forth in the Tenth Amendment—*viz.*, that the power not be delegated to the United States by the Constitution, nor prohibited to the states by the Constitution—for the reservation of a power to the states.

Because these matters are relevant to the issues raised in Defendants' motions to dismiss, the proffered *amicus* brief may aid the Court.

## CONCLUSION

For the foregoing reasons, this Court should grant leave to file FAIR's *amicus* brief.

Dated: September 30, 2025

Respectfully submitted,

s/ David L. Jaroslav
DAVID L. JAROSLAV
Federation for American Immigration Reform
25 Massachusetts Ave., NW, Suite 330
Washington, DC 20001
(202) 328-7004
djaroslav@fairus.org

Counsel for Movant
Federation for American Immigration Reform

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September 2025, I electronically filed the foregoing motion for leave to file together with the accompanying *amicus curiae* brief, with the Clerk of the Court for the United States District Court for the District of Colorado by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

s/ David L. Jaroslav