UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01391-GPG-KAS

UNITED STATES OF AMERICA,

    Plaintiff

v.

STATE OF COLORADO;
JARED POLIS, Governor of Colorado, in his official capacity;
COLORADO GENERAL ASSEMBLY;
PHILIP WEISER, Attorney General of Colorado, in his official capacity;
CITY AND COUNTY OF DENVER;
DENVER CITY COUNCIL;
MIKE JOHNSTON, Mayor for the City and County of Denver, in his official capacity;
DENVER SHERIFF DEPARTMENT;
ELIAS DIGGINS, Sheriff of Denver, Colorado, in his official capacity.

    Defendants

---

### DEFENDANT COLORADO GENERAL ASSEMBLY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST IT PURSUANT TO FED.R.CIV.P. 12(b)(6)

---

    Defendant Colorado General Assembly, through its undersigned counsel, respectfully submits the following brief Reply in Support of its Motion to Dismiss Plaintiff's claims against it pursuant to Fed.R.Civ.P. 12(b)(6) [Dkt. No. 38].[1] In so doing, the General Assembly incorporates – without repeating or separately discussing here – the points addressed by its co-Defendants in their separate contemporaneous Replies.

---

[1] "Plaintiff's Consolidated Memorandum of Law in Opposition to Defendants' Motions to Dismiss" was filed on September 24, 2025, at Dkt. No. 52.

There is one issue, however, which is uniquely pertinent to the General Assembly as a named Defendant in this case. As discussed in its Motion to Dismiss [Dkt. No. 38 at pp. 4-8], the Colorado General Assembly is the governmental body in which the legislative power of the State of Colorado is vested. The General Assembly has no other function – it does not and cannot implement, administer, enforce, or adjudicate the laws that it enacts. By joining the General Assembly as a defendant in this case, the United States explicitly claims the power to dictate the parameters and substance of "what a state legislature may and may not do." *Murphy v. National Collegiate Athletic Assoc., et al.*, 584 U.S. 453, 474 (2018). Thus "state legislatures are put under the direct control of Congress." *Id*. As pointedly emphasized by Justice Alito for the Court in *Murphy*, "It is as if federal officers were installed in state legislative chambers and were armed with the authority to stop legislators from voting on any offending proposals. A more direct affront to state sovereignty is not easy to imagine." *Id*.

The United States appears to acknowledge this – stating in its Response that it "does not seek to mandate or forbid any legislation in Colorado" and only "seeks to enjoin enforcement" under the Supremacy Clause. [Pl. Resp., Dkt. No. 52, at p. 52] Yet the Colorado General Assembly has absolutely no enforcement power or roll. At best, assertion of these claims against the General Assembly seeks an advisory opinion regarding the enforceability of unknown possible future legislation. "Article III has long been interpreted as forbidding federal courts from rendering advisory opinions." *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011). At worst

it seeks to commandeer and restrict the substance of the State of Colorado's legislative processes. This is precisely what the Supreme Court has emphasized that Congress may *not* do – even in the context of preemption arguments – under our Constitutional system. *Murphy*, *supra*; *New York v. United States*, 504 U.S. 144, 161 (1992); *Hodel v. Virginia Surface Mining & Reclamation Assn., Inc.*, 452 U.S. 264, 288 (1981).

Respectfully submitted this 23rd day of October, 2025.

By: *s/Edward T. Ramey*
Edward T. Ramey
Martha M. Tierney
Tierney Lawrence Stiles LLC
225 East 16th Avenue, Suite 350
Denver, Colorado 80203
Phone: (303) 949-7676
E-mail: eramey@TLS.legal
mtierney@TLS.legal

### CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2025, I filed with the Court and served upon all parties herein a true and complete copy of the foregoing **DEFENDANT COLORADO GENERAL ASSEMBLY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST IT PURSUANT TO FED.R.CIV.P. 12(b)(6)** by e-filing with the CM/ECF system maintained by the Court.

*s/Edward T. Ramey*