UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-1391-GPG-KAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STATE OF COLORADO,
JARED POLIS, Governor of Colorado, in his Official Capacity,
COLORADO GENERAL ASSEMBLY,
PHILIP WEISER, Attorney General of Colorado, in his Official Capacity,
CITY AND COUNTY OF DENVER,
DENVER CITY COUNCIL,
MIKE JOHNSTON, Mayor for the City and County of Denver, in his official capacity,
DENVER SHERIFF DEPARTMENT,
ELIAS DIGGINS, Sheriff of Denver, Colorado, in his official capacity,

    Defendants.

**JOINT MOTION TO STAY DISCOVERY AND
VACATE SCHEDULING CONFERENCE**

The parties jointly move that the Court stay discovery and vacate the Scheduling Conference set for January 20, 2026, at 9:30 a.m. before Magistrate Judge Starnella, as set forth in the Court's orders at ECF Nos. 8 and 46. Because it would be most efficient for the parties and the Court to address the necessity of discovery after the motions to dismiss are decided, the parties jointly request that the Court stay discovery and vacate the Scheduling Conference and other discovery deadlines. While the parties are cognizant that discovery is generally not delayed based solely on the filing of a dispositive motion to dismiss, the parties believe that the unique circumstances of this case warrant delaying any potential discovery.

1

1.	In this lawsuit, the United States challenges the constitutionality of various Colorado laws and Denver ordinances and executive actions. The United States alleges that these laws, ordinances, and executive actions violate the Supremacy Clause and are preempted.

2.	The defendants filed motions to dismiss the claims in their entirety. Those motions are fully briefed. ECF Nos. 37–39, 52, 62–65.

3.	On September 10, 2025, Magistrate Judge Starnella ruled on the parties' joint motion to reset the Scheduling Conference and related deadlines until such time that the pending motions to dismiss were adjudicated. ECF No. 44. The Court granted the motion in part, vacating the Scheduling Conference set for October 16 and resetting it for January 20, 2026, at 9:30 a.m. ECF No. 46. It noted that if the parties were to seek a further continuance based on the pending motions to dismiss, they were to file a motion seeking a formal stay which addressed the factors outlined in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). *Id.*

4.	On October 2, 2025, Judge Gallagher granted the United States's motion to stay the entire case due to the lapse of the appropriations act that had been funding the Department of Justice. ECF No. 58. On November 13, 2025, Plaintiff filed a Notice of Restoration of Appropriations alerting the Court that funding had been restored and requesting that the stay be lifted. ECF No. 66. To date, the Court has not lifted the stay.

5.	Because this case largely presents pure legal issues, the parties agree that engaging in discovery now would be inefficient and likely wasteful of both the parties'

and the Court's limited resources. For example, in another case raising preemption challenges to state laws, a court granted the parties' request for relief from discovery obligations where the case raised only legal issues. *See* Stipulation and Joint Motion, Order, *United States v. Illinois*, No. 3:25-cv-01691-DWD (S.D. Ill.), Dkt. Nos. 23–24. The parties believe that there is a strong possibility that no discovery will be necessary in this case regardless of whether the Court grants or denies the pending motions to dismiss. However, depending on the Court's ruling, and what, if any, claims remain following decision on the motions to dismiss, there are scenarios in which discovery may be necessary, including if one or more parties decided to file counterclaims. But addressing that issue after a decision on the motions to dismiss would best serve the parties' resources and judicial economy. Accordingly, the parties respectfully submit that no discovery should begin at this time. The parties therefore seek to stay discovery and vacate the Scheduling Conference and related deadlines based on their agreement that no discovery will likely ever be needed.

6. Notably, in a related case, *Rowell v. Weiser*, Case No. 1:25-cv-02460-GPG-STV (D. Colo., Aug. 7, 2025), which raises some identical legal challenges, the Court granted a similar request to delay discovery until after a decision on the motion to dismiss. The Court there vacated the Scheduling Conference and related discovery deadlines and ordered the parties to file a joint status report no later than ten days after the Court issues its decision on the motion to dismiss. *Id.* (ECF Nos. 11, 12). The parties respectfully request the Court do the same here.

7. All five *String Cheese Incident, LLC* factors weigh in favor of vacating the Scheduling Conference and accompanying scheduling order and other discovery

3

deadlines. The five *String Cheese Incident, LLC* factors are: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

8.     First, factors one and two support granting the requested relief. The parties agree there is a strong possibility that no discovery will be necessary in this case regardless of whether the Court grants or denies the pending motions to dismiss. Thus, the requested relief furthers Plaintiff's interest in proceeding expeditiously with the civil action (and the requested relief here will not result in any delay). Similarly, the requested relief places no burden on Defendants, who (like Plaintiff) will not have to expend resources negotiating discovery deadlines and preparing a scheduling order when both parties have agreed that discovery may never be necessary. Factor three favors granting the requested relief because doing so will allow this case to proceed toward a resolution without expending court resources on holding a scheduling conference, setting discovery deadlines, and resolving discovery disputes that may not be needed. Likewise, factors four and five favor granting the requested relief because it will conserve court resources and lead to an efficient resolution of this matter, which furthers the interests of the public and persons who are not parties to this case. All parties are governmental entities who have a duty to preserve the public fisc, which presents strong reasons to avoid expending public resources now that may never need to be expended.

9.     None of the parties will suffer prejudice, and this motion is not made

4

for purposes of delay. Vacating the Scheduling Conference would conserve judicial resources and those of the parties, and advance the efficient, inexpensive determination of this matter.

WHEREFORE, the parties respectfully request that the Court grant the motion and stay discovery and vacate the Scheduling Conference set for January 20, 2026, as well as the scheduling order and other discovery deadlines set forth in ECF Nos. 8 and 46. The parties further respectfully request that the Court instead order that, no later than ten days after the Court issues its decision on the motions to dismiss, the parties file a joint status report. Alternatively, the parties request that the Court reset the Scheduling Conference for a date six months in the future.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
DREW C. ENSIGN
Deputy Assistant Attorney General
ELIANIS N. PEREZ
Assistant Director
VICTORIA TURCIOS
Trial Attorney

/s/ Catherine M. Reno
CATHERINE M. RENO
Acting Assistant Director
U.S. Department of Justice Civil Division
Office of Immigration Litigation
P.O. Box 868
Ben Franklin Station Washington, DC 20044
Telephone: (202) 353-8557
Fax: (202) 305-7000
Email: catherine.m.reno@usdoj.gov

*Counsel for Plaintiff United States*

PHILIP J. WEISER
Attorney General of Colorado

/s/ David Moskowitz
David Moskowitz
*Deputy Solicitor General*
Talia Kraemer
*Assistant Solicitor General*
Sam Wolter
*Assistant Attorney General*
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
David.Moskowitz@coag.gov
Talia.Kraemer@coag.gov
Samuel.Wolter@coag.gov

*Counsel for Defendants State of Colorado, Jared Polis, and Philip Weiser*

5

/s/ Edward T. Ramey
Edward T. Ramey
Martha M. Tierney
Tierney Lawrence Stiles LLC
225 E. 16th Avenue, Suite 350
Denver, CO 80203
eramey@tierneylawrence.com
mtierney@tierneylawrence.com
(303) 949-7676

*Counsel for Defendant Colorado General Assembly*


/s/ Ashley M. Kelliher
Ashley M. Kelliher
*Civil Litigation Director*
Robert Lyman
Andres Alers
Sophia Fernald
*Assistant City Attorneys*
201 W. Colfax Ave.
Denver, CO 80202
720-913-8050
Ashley.Kelliher@denvergov.org
Robert.Lyman@denvergov.org
Andres.Alers@denvergov.org
Sophia.Fernald@denvergov.org

*Counsel for Defendants City and County of Denver, Denver City Council, Mike Johnston, Denver Sheriff Department, and Elias Diggins*

# CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

<u>/s/ David Moskowitz</u>
Deputy Solicitor General

A