IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01391-KAS

UNITED STATES OF AMERICA,

     Plaintiff,

v.

STATE OF COLORADO,
JARED POLIS, Governor of Colorado, in his official capacity,
COLORADO GENERAL ASSEMBLY,
PHILIP WEISER, Attorney General of Colorado, in his official capacity,
CITY AND COUNTY OF DENVER,
DENVER CITY COUNCIL,
MIKE JOHNSTON, Mayor for the City and County of Denver, in his official capacity,
DENVER SHERIFF DEPARTMENT, and
ELIAS DIGGINS, Sheriff of Denver, Colorado, in his official capacity,

     Defendants.

---

## DENVER DEFENDANTS' MOTION FOR ATTORNEY FEES

---

Defendants, City and County of Denver, Denver City Council, Mike Johnston, Denver Sheriff Department, and Elias Diggins ("Denver Defendants"), through undersigned counsel, move for an award of attorney fees pursuant to 28 U.S.C. § 2412(b):

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Denver Defendants conferred with counsel for Plaintiff regarding the relief requested in this Motion. Plaintiff is opposed.

### <u>INTRODUCTION</u>

In 2017, Denver enacted the Public Safety Enforcement Priorities Act (Denver Ordinance 940-17), which it codified as Denver Revised Municipal Code ("D.R.M.C.")

sections 28-250 through 28-253. *See* Ordinance [ECF 39-1]. Executive Order No. 142 was issued the same day. *See* Executive Order [ECF 39-2]. Both the Ordinance and Executive Order (hereinafter "Challenged Laws") are aimed at promoting a welcoming environment for all residents while ensuring judicious use of Denver's finite resources. *See also* Denver Defs' Mot. to Dismiss [ECF 39 at 3-6]. The Challenged Laws reflect Denver's discretion in determining the extent, if any, to which it chooses to assist federal immigration authorities. The Challenged Laws are in no way preempted by the federal government's immigration enforcement. And the Challenged Laws are consistent with the Tenth Amendment's anti-commandeering principle.

But while the Challenged Laws are legally sound, they are inconsistent with the current federal Administration's political goals. Plaintiff filed suit on this basis alone. Undeterred by well-established authority, conferral with undersigned counsel, and new case law deciding nearly identical issues, Plaintiff insisted on pursuing its meritless claims. Denver Defendants were required to expend significant time and effort in defending this suit. This Court granted Denver Defendants' Motion to Dismiss[1] on March 31, 2026, finding that "any holding in favor of Plaintiff would run afoul of the Tenth Amendment." [ECF 72 at 13].

Because Plaintiff's claims lacked legal basis from the outset and were asserted for improper purposes, Denver Defendants request their reasonable attorney fees under 28

---

[1] The Court's Order also granted the Motions to Dismiss filed by the other Defendants, the State of Colorado, Jared Polis, the Colorado General Assembly, and Philip Weiser. [ECF 72].

U.S.C. § 2412(b). Plaintiff's transparently political motive and bad faith warrant an award of attorney fees to deter similar future misconduct.

## LEGAL STANDARD

Under 28 U.S.C. § 2412(b), "a court may award reasonable fees and expenses of attorneys. . . to the prevailing party in any civil action brought by or against the United States. . . ." Under § 2412(b), the United States is liable for "fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award. While each party generally bears its own attorney fees, "an exception to this rule is applied when a party opponent is found to have acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *F.T.C. v. Kuykendall*, 466 F.3d 1149, 1152 (10th Cir. 2006) (quoting *United States v. McCall*, 235 F.3d 1211, 1216 (10th Cir. 2000)). A claim is brought in bad faith when it "is entirely without color *and* has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." *F.T.C. v. Freecom Commc'ns, Inc.,* 401 F.3d 1192, 1201 (10th Cir. 2005) (emphasis in original).

## ARGUMENT

### A.     Plaintiff's claims against Denver Defendants were asserted in bad faith.

Plaintiff's facially deficient claims and evidently improper motive satisfy both prongs of the bad faith inquiry. *Freecom Commc'ns, Inc.*, 401 F.3d at 1201; *see also Rothenberg v. Security Mgmt. Co.*, 736 F.2d 1470, 1472 (11th Cir.1984) (citation omitted) ("the [bad faith] inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case.").

3

Plaintiff filed suit in the instant matter on May 2, 2025, and amended the Complaint on July 28, 2025 [ECF 1, 31]. Plaintiff's Amended Complaint brought three claims against the Denver Defendants, alleging that the Challenged Laws (1) violated the Supremacy Clause, (2) discriminated against the federal government, and (3) regulated the federal government. Counsel for Denver Defendants, recognizing the untenability of Plaintiff's claims, conferred with Plaintiff's counsel on August 21, 2025, regarding the anticipated motion to dismiss. Undersigned counsel noted that the Challenged Laws are not preempted and neither discriminate against nor seek to regulate the federal government. Plaintiff declined to further amend or withdraw its Complaint.

Denver Defendants accordingly filed their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on August 25, 2025 [ECF 39]. After briefing the Motion to Dismiss, the Court granted the Motion. [ECF 72]. As this Court observed, Plaintiff's claims would seek to conscript Denver Defendants into enforcing federal immigration law in violation of the Tenth Amendment. *Id.* at 12-13. This Court found it unnecessary to address the alternate arguments raised by the Denver Defendants that would require the same conclusion. *See* ECF 31 at 7-12, 14-24. Given that multiple alternate grounds required dismissal of Plaintiff's claims, it is apparent that they lacked any legal basis.

Moreover, Plaintiff's claims were brought for improper purpose. If the content of the Amended Complaint itself did not adequately illustrate the harassing intent of this lawsuit, the backdrop of numerous similar proceedings against other municipalities certainly does. On July 25, 2025, the United States District Court for the Northern District of Illinois granted a motion to dismiss Plaintiff's nearly identical complaint in *United States*

4

*v. Illinois*, 796 F.Supp.3d 494 (N.D. Ill. 2025). The court found that Illinois' challenged laws were not preempted and that the United States sought to violate the Tenth Amendment. *Id.* at 532. Undeterred by the ruling in *Illinois*, Plaintiff responded to Denver Defendants' Motion to Dismiss, reasserting the same groundless arguments. On December 23, 2025, the United States District Court for the Northern District of New York reached a similar conclusion in *United States v. New York*, 810 F.Supp.3d 329 (N.D.N.Y. 2025), finding that Plaintiff again failed to plausible allege preemption, discrimination, or regulation of the federal government. Denver Defendants submitted this order as supplemental authority. [ECF 67]. This too failed to prompt Plaintiff to reconsider its baseless positions.

*Illinois* and *New York* are just two of the other meritless lawsuits brought for purely political reasons; Plaintiff has also filed suit against Chicago (No. 1:25-cv-1285), New York City (1:25-cv-4084), Los Angeles  (No 2:25-cv-05917), Newark, Jersey City, Paterson, and Hoboken (2:25-cv-05081-EP-AME), and Rochester (25-cv-06226-FPG-MJP). It is apparent that the instant matter is an attempt to further the Administration's political aims without regard for the Constitution. This can only be categorized as an improper motive warranting an award of fees under 28 U.S.C. § 2412(b). The Denver Defendants therefore request their attorney fees incurred in defending this matter.

**B.    Denver Defendants' reasonable attorney fees are $29,096.60.**

28 U.S.C. § 2412(b) provides that a court may award to a prevailing party "reasonable fees and expenses of attorneys." "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended

on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In order to defend this suit, counsel for Denver Defendants reasonably expended $29,096.60 over a total of 78.8 hours. Pursuant to D.C.COLO.LCivR 54.3, the attached declarations set forth a summary of counsel's qualifications and experience along with a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed. *See* Ex. A-D, Declarations of Kelliher, Lyman, Fernald, and Alers. The contents of these declarations is summarized in the following table:

| Attorney Name | Rate | Hours | Total |
|---|---|---|---|
| Ashley Kelliher | $350/hour | 31.7 | $11,095.00 |
| Robert Lyman | $500/hour | 18.5 | $9,250.00 |
| Sophia Fernald | $306/hour | 14.5 | $4,437.00 |
| Andres Alers | $306/hour | 14.1 | $4,314.60 |
| | | Total Fees | **$29,096.60** |

## CONCLUSION

Plaintiff acted in bad faith in bringing its groundless claims against Denver Defendants. Plaintiff's claims lacked colorable legal support and were intended only to harass Denver for enacting lawful provisions which happen to conflict with the Administration's political aims. Denver Defendants therefore request that they be awarded their attorney fees in the amount of $29,096.60.

Dated this 14th day of April, 2026.

6

Respectfully submitted,

By: *s/ Sophia Fernald*
Ashley Kelliher, Assistant City Attorney
Robert Lyman, Assistant City Attorney
Sophia Fernald, Assistant City Attorney
Andres Alers, Assistant City Attorney
Denver City Attorney's Office
201 W. Colfax Ave., Dept. 1108
Denver, CO 80202-5332
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
Ashley.Kelliher@denvergov.org
Robert.Lyman@denvergov.org
Sophia.Fernald@denvergov.org
Andres.Alers@denvergov.org
*Attorneys for Denver Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April 2026, I electronically filed the foregoing **DENVER DEFENDANTS' MOTION FOR ATTORNEY FEES** with the Clerk of the Court using the CM/ECF system which will serve all counsel of record.


*s/ Michele Imes*
Denver City Attorney's Office