IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01391-KAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

STATE OF COLORADO,
JARED POLIS, Governor of Colorado, in his official capacity,
COLORADO GENERAL ASSEMBLY,
PHILIP WEISER, Attorney General of Colorado, in his official capacity,
CITY AND COUNTY OF DENVER,
DENVER CITY COUNCIL,
MIKE JOHNSTON, Mayor for the City and County of Denver, in his official capacity,
DENVER SHERIFF DEPARTMENT, and
ELIAS DIGGINS, Sheriff of Denver, Colorado, in his official capacity,

      Defendants.

---

**DECLARATION OF ROBERT LYMAN IN SUPPORT OF DENVER DEFENDANTS'
MOTION FOR ATTORNEYS' FEES**

---

I, Robert N. Lyman, under penalty of perjury, state as follows:

1.    I have been licensed to practice law since December 2006. I was licensed in Washington State at that time, and then admitted in Oregon in May 2008, and before the Patent and Trademark office in April 2009.  I was first licensed in Colorado in July 2014. I am currently employed as an Assistant City Attorney for the Denver City Attorney's Office (CAO). I have been employed with the CAO since April 2025. Prior to joining the CAO, I was a law clerk for the Hon. Norman K. Moon, in private practice at an intellectual property boutique between 2007 and

2012 working on both patent prosecution and IP litigation, a solo practitioner and entrepreneur between 2012 and 2016 focused on IP prosecution and licensing, briefly employed at a plaintiff-side firm in 2017, back to solo practice starting in 2018, and finally as a Deputy District Attorney in the 18th and 4th judicial districts between Nov. 2020 and April 2025.

2. I defended the City and County of Denver, Denver City Council, Mayor Mike Johnston, the Denver Sheriff Department, and Sheriff Elias Diggins ("Denver Defendants") against Plaintiff's claims from May 2025 to present.

3. When I was a solo practitioner in the Denver area, I charged a top-line rate of $500/hr. This was discounted to $400/hr for clients who paid in advance. Nearly all clients chose to pay in advance to get the discounted rate, with the full rate charged only in unusual situations where an emergency response was required for some reason. The majority of my work was patent or trademark prosecution and responding to demand letters or disputes. Although I was prepared to litigate during this time, all disputes were resolved through licensing or a demonstration that my clients were not infringing. After becoming a DDA, I completed over 40 jury trials. Since joining the CAO, I have completed one civil jury trial. Given that clients voluntarily paid me these rates for legal services, and given also a substantial increase in my litigation experience as well inflation since I was last in private practice, a rate of $500/hr is reasonable.

4. This rate is below that which has been granted for attorneys with similar levels of experience. *See e.g. Lieberenz v.Jackson*, 2026 WL 884937 at *10 ($550/hr rate

2

for a Denver partner); *Murphy v. Schaible, Russo & Company, L.L.P.*, 722 F.Supp.3d 1191, 1198 (D. Colo. 2022) (finding $750/hour a reasonable rate for an experienced litigator); *Cecil v. BP Am. Prod. Co.*, No. 16-CV-00410-KEW, 2018 WL 8367957, at *12 n.7 (E.D. Okla. Nov. 19, 2018) (finding a rate of $850–900 reasonable).  I therefore believe this rate is reasonable.

5.      Reasonable and necessary attorney fees were incurred for legal services in defending against Plaintiff's Complaint in this action. The work was performed between May and October, 2025.

6.      At a rate of $500 per hour and a sum of 18.5 documented work hours, the total fees associated with my work on this matter equal $9,250.

7.      I affirm that the attorney fees below were actually incurred and the number of hours of legal services provided for the defense against the Complaint in this action was reasonable and necessary.

| Date | Work Performed | Time Expended (Hours) |
|---|---|---|
| 5/19/25 | Review complaint, initial research on questions of law | 2 |
| 5/20/25 | Legal research, Draft of Motion to Dismiss | 3.5 |
| 5/21/25 | Continue draft of Motion to Dismiss | 2 |
| 5/22/25 | Proofread draft and forward to paralegal | .5 |
| 5/23/25 | Legal research, edits to draft Motion to Dismiss, forward draft to team for review | 3 |
| 6/20/25 | Review anticipated motions from other defendants | .5 |

| 8/25/25 | Trim motion to fit page limits | 1 |
| 9/25/25 | Review response to motion, legal research, begin drafting reply | 3 |
| 10/2/25 | Edit and finalize reply draft for review | 1.5 |
| 10/23/25 | Further edits to reply to make page limit | 1.5 |
| **Total Hours:** | | **18.5** |
| **Attorney Fees Total (Total Hours x $500):** | | **$9,250** |

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.

Dated this 14th day of April 2026.

Respectfully submitted,

By: *s/ Robert N Lyman*
Robert Lyman, Assistant City Attorney
Denver City Attorney's Office
201 W. Colfax Ave., Dept. 1108
Denver, CO 80202-5332
Telephone: (720) 913-3100
Facsimile: (720) 913-3155
*Attorney for Denver Defendants*

4