**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

UNITED STATES OF AMERICA,

Plaintiff,

v.

STATE OF COLORADO; JARED POLIS, Governor of Colorado, in his official capacity; COLORADO GENERAL ASSEMBLY; PHILIP WEISER, Attorney General of Colorado, in his official capacity; CITY AND COUNTY OF DENVER; DENVER CITY COUNCIL; MIKE JOHNSTON, Mayor for the City and County of Denver, in his official capacity; DENVER SHERIFF DEPARTMENT; ELIAS DIGGINS, Sheriff of Denver, Colorado, in his official capacity.

Defendants.

Civil Action No. 1:25-CV-1391-GPG-KAS

---

**PLAINTIFF'S OPPOSED MOTION TO STAY BRIEFING ON DENVER DEFENDANTS' MOTION FOR ATTORNEY FEES**

---

The United States of America hereby moves to stay all briefing related to the Denver Defendants' Motion for Attorney Fees (ECF No. 74) until 21 days after the time for filing a notice of appeal runs or, if Plaintiff files a notice of appeal, until 21 days after the appellate mandate issues. A stay of briefing would be convenient for the Court, since an appellate decision in Plaintiff's favor would defeat Defendants' motion. Along the same lines, the public interest would benefit from the conservation of judicial resources stemming from a stay. Furthermore, the burden on Defendants would be minimal because they have already filed their motion and a stay reduces the possibility that they would have to defend against Plaintiff's likely appeal of any fee award. Plaintiff's interests would

be served by being able to proceed expeditiously with its appeal, rather than having to simultaneously litigate a fee motion and its appeal.

1. In this lawsuit, the United States challenged the constitutionality of various Colorado laws and Denver ordinances and executive actions. The United States alleged that these laws, ordinances, and executive actions violate the Supremacy Clause and are preempted.

2. The Defendants filed motions to dismiss the claims in their entirety. ECF Nos. 37–39, 52, 62–65.

3. On March 31, 2026, this Court granted Defendants' motions to dismiss the First Amended Complaint. ECF No. 72.

4. On the same date, the Court issued a Final Judgment. ECF No. 73.

5. Plaintiff's notice of appeal is due sixty (60) days from the Court's judgment. Fed. R. of App. P. 4(a)(1)(B). Sixty days from the Court's issuance of a judgment is Saturday, May 30, 2026. As such, Plaintiff's appeal deadline is Monday, June 1, 2026. *See* Fed. R. Civ. P. 6(a)(1)(C).

6. On April 14, 2026, Defendants City and County of Denver, Denver City Council, Mike Johnson, Denver Sheriff Department, and Elias Diggins ("Denver Defendants") filed a motion seeking attorney fees under 28 U.S.C. § 2412(b). ECF No. 74.

7. Plaintiff's response to the Denver Defendants' motion for attorney fees is currently due on May 5, 2026. D.C.COLO.LCivR 7.1(d).

8. Plaintiff is still considering whether to file an appeal of the Court's judgment and order dismissing this case (ECF Nos. 72, 73). Whether Plaintiff files an

appeal in this matter requires multiple levels of approval within the Department of Justice. A decision whether or not the government will seek further review must be made by the Solicitor General, *see* 28 C.F.R. § 0.20(b), and a determination has not yet been made in this case.

9. All five *String Cheese Incident, LLC* factors weigh in favor of granting a stay of briefing related to the Denver Defendants' attorney fee motion. The five *String Cheese Incident, LLC* factors are: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

10. Most significantly, a stay of briefing would be convenient for the Court (factor 3) and promote judicial efficiency, since an appellate decision in Plaintiff's favor would defeat Defendants' fee motion. A decision in any way favorable to Plaintiff would render the Denver Defendants' "bad faith" claim untenable. *See* Defs.' Mot., ECF No. 74, at 3 (quoting *F.T.C. v. Freedom Commc'ns, Inc.*, 401 F.3d 1192, 1201 (10th Cir. 2005) ("A claim is brought in bad faith when it 'is entirely without color…'"). Along the same lines, the public interest would benefit from the conservation of judicial resources stemming from a stay (factor 5), especially because all parties are governmental entities. *See* Fed. R. Civ. P. 1 (stating that securing the "inexpensive determination of every action" is one goal of the courts).

11. A stay of briefing would serve Plaintiff's interests (factor 1) by allowing it to proceed expeditiously with its appeal, rather than having to simultaneously litigate a fee motion and an appeal.

12. Furthermore, the burden on the Denver Defendants (factor 2) would be minimal because they have already filed their motion and a stay reduces the possibility that they would have to defend against Plaintiff's likely appeal of any fee award (which, in turn, would be informed by Plaintiff's merits appeal). All parties are governmental entities who have a duty to preserve the public fisc, which presents strong reasons to avoid superfluous litigation.

13. Factor 4 is neutral, as there are no identified non-parties who will be prejudiced by the imposition of a stay.

14. This request is made for good cause and not for purposes of improper delay.

15. The Denver Defendants oppose this request.

WHEREFORE, Plaintiff requests this Court stay all briefing related to the Denver Defendants' motion for attorney fees. Plaintiff respectfully requests that the Court instead set the deadline for Plaintiff's response to the Denver Defendants' motion to 21 days after the appellate mandate issues. Alternatively, if Plaintiff does not file a notice of appeal on or before June 1, 2026, Plaintiff requests that the Court reset its response deadline to June 22, 2026, which is 21 days after the appeal deadline.

Dated: April 22, 2026

Respectfully submitted,

/s/ Victoria Turcios
VICTORIA TURCIOS
Trial Attorney
U.S. Department of Justice Civil Division

Office of Immigration Litigation General
Litigation and Appeals Section
P.O. Box 868
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 451-7661
Fax: (202) 305-7000
Email: victoria.e.turcios2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 22 April 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF registered parties.

*s/ Victoria Turcios*
VICTORIA TURCIOS
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section